*198 The opinion of the Court was delivered by
Wardlaw, A. J.
The question to which, in the argument of this case, attention was principally directed, concerns the obligation of the tenant under his covenant to pay rent, during his expulsion from the demised premises by an irresistible hostile force, without default on his part. But this question has not been considered, because the case does not present it neatly, inasmuch as the case depends upon the present efficiency of a judgment which, if valid, cannot be satisfied, if any small sum, under any of the views urged by the plaintiff, remains unpaid; and because there being another ground on which the case must be disposed of in favor of the defendant, a decision of the question which we have mentioned in his favor would not be authoritative. The Court therefore has confined its inquiry to what the Circuit Judge reports as the second ground which the relator relied upon before him, upon which ground, presented in the first of the grounds of appeal, both parties have been heard here.
The material facts and dates are these, all of the year 1861: — The confession was signed January o, and was an ordinary confession, written upon a declaration in indebit-atus assumpsit, no terms nor arrangements being contained therein, or in any way shown to have been connected therewith. The January term of the Court for Charleston commenced the second Monday of January; the April term commenced April 22, and ended by adjournment May 13; I). Mixer died May 27; the judgment was entered June 8, and the June term commenced June 17.
Judgment was then entered in the vacation which followed the second term after the confession, during which vacation, and before the entry, the defendant died. So that if the confession was, as it must be supposed to have been, an acknowledgment of what took place in a pending suit *199 at the term preceding its date, (October, I860,) the entry was in the vacation which followed the third term, that, at which took place the transaction, which was entered, being reckoned the first.
The case of Keep vs. Leckie, (8 Rich. 154,) which in many respects is similar to this, differs in this important particular: that there by express agreement of the parties, carefully written, and connected, with the confession,-special terms were stipulated, and a contingency was provided, before the happening of which there was no default, and could be no entry of judgment. The dispute was whether the implied waiver of notice contained in the agreement was not withdrawn by the defendant’s death. But here there was nothing to hinder the entry of judgment immediately after the confession. It was intended as a collateral security, but it was entrusted to the plaintiff’s attorney, to be used at his discretion, according to his views of -expediency, in reference to the plaintiff’s interests. If delay until two terms had passed was permissible, what prevented delay for seven years or more? To make the judgment relate to a term during the defendant’s lifetime, it was necessary to enter it before the term next after his death ; but if a confession dated in January could by fiction be made to sustain an entry as of the April term, which next preceded the death, why could not, with no more inconsistency of dates, a confession of 1861 have sustained an entry as of October, 1867, if Mixer had lived until January, 1868. There is no limit, unless we apply the 10th Rule of Court. That ford ids the entry of a judgment, without a term’s notice, after the second term subsequent to that at which it was obtained; the term at which it was obtained being reckoned the first. It is an indulgence granted to a confession in vacation, when it is considered, and allowed to be entered, as a judgment obtained at the term next preceding; but if as good asa verdict or a final order of Court, a confession is no better, *200 and can claim no exemption from a rule, which may often serve to prevent great abuses.
It appears then to the Court that the entry of judgment was irregular and void, and the judgment is accordingly set aside.
Motion dismissed.
ÜUNKIN, C. J., and Lstglis, A. J., concurred.

Motion dismissed.